*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 16, 2026
10:01 AM

Plaintiff-Appellee,

v

No. 375375
Wayne Circuit Court
LC No. 24-004939-02-FC

RAMON STEPHENS-BLOUNT,

Defendant-Appellant.

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions for armed robbery, MCL 750.529, assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, unlawful driving away of an automobile, MCL 750.413, and receiving and concealing a stolen vehicle, MCL 750.535(7). Defendant was sentenced to 8 to 20 years' imprisonment for his armed robbery conviction, 19 months' to 10 years' imprisonment for his AWIGBH conviction, and 240 days in jail for each of his unlawful-driving-away-of-a-motor-vehicle and receiving-and-concealing-a-stolen-vehicle convictions. We affirm.

## I. FACUTAL AND PROCEDURAL BACKGROUND

In July 2024, law enforcement was dispatched to investigate a stabbing and vehicle theft. Defendant messaged the victim, who he knew only through Instagram, and invited him to hang out. Defendant was joined by his friends, Kamarion McCann and Reynard McCann. While they were together, Reynard approached the victim from behind, put him in a chokehold, and stabbed him near the ribcage. Kamarion told the victim not to move and took his keys, wallet, and phone. During the assault, defendant brandish a knife and taunted the victim by pointing it back and forth at him. Defendant, Kamarion, and Reynard then fled and drove away in the victim's vehicle. The victim sought help from a neighbor, who called the police.

The victim told responding officers that three men armed with knives stabbed him and stole his vehicle. He assisted officers with tracking the location of his vehicle by using a phone application. Law enforcement located the vehicle at a laundromat, where defendant and the other men were arrested. At trial, one of the arresting officers testified that defendant had a handgun

magazine in his pocket when he was arrested.  Defense counsel did not object to this testimony.  Defendant testified that he had been coerced into participating in the crimes.  He also admitted that he lied to law enforcement multiple times during a post-arrest interview.

The jury found defendant guilty as noted.  The sentencing guidelines for defendant's armed robbery conviction were calculated at 108 to 180 months' (9 to 15 years') imprisonment.  The trial court departed, below the guidelines, and sentenced defendant to 8 to 20 years' imprisonment for that conviction.  This appeal followed.

## II.  INADMISSIBLE EVIDENCE

Defendant argues that he was denied his due-process right to a fair trial because the jury heard inadmissible testimony that a handgun magazine was found in his possession at the time of his arrest.  We disagree.

## A.  STANDARDS OF REVIEW

Because defendant failed to object to the admission of the challenged testimony at trial, his arguments are unpreserved.  See *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019) ("To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal.").  Unpreserved issues are reviewed for plain error affecting substantial rights.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*.  "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings."  *Id*.  The defendant carries the burden of persuasion to establish prejudice.  *Id*.  "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings[.]"  *Id*. at 763-764 (quotation marks, brackets, and citation omitted).

## B.  ANALYSIS

"The United States Constitution and the Michigan Constitution each guarantee that a criminal defendant receives due process of law."  *People v Horton*, 341 Mich App 397, 401; 989 NW2d 885 (2022).  "Implicit in this guarantee is that each criminal defendant enjoys the right to a fair trial . . . ."  *Id*.  The admission of irrelevant evidence may violate defendant's constitutional rights if it "so infuse[s] the trial with unfairness as to deny due process of law."  *Estelle v McGuire*, 502 US 62, 75; 112 S Ct 475; 116 L Ed 2d 385 (1991) (quotation marks and citation omitted).

Defendant argues that testimony about the loaded handgun magazine found on him at the time of his arrest was irrelevant because it had no tendency to prove or disprove whether the victim was assaulted with a knife.  Even if the evidence about the magazine was not relevant, any error in admitting the evidence was harmless.  The testimony about the handgun magazine was brief and isolated, minimizing any potential prejudicial effect.  Moreover, there was no other testimony or argument indicating that defendant used a firearm to commit his crimes.  There was, however, ample testimony from the victim describing in detail that defendant held him at knifepoint during

the stabbing and robbery. Because defendant offers no argument about how the challenged testimony invalidates or undermines the victim's testimony or affected the outcome of trial, he has failed to show prejudice.[1]

### III. PROPORTIONATE SENTENCING

Defendant next argues that his sentence for armed robbery violates the principle of proportionality. We disagree.

### A. STANDARD OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id*.

### B. ANALYSIS

We review sentence departures from the sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The "principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017) (quotation marks and citation omitted).

Defendant's below-guidelines sentence was proportionate to the seriousness of his crimes and circumstances. Defendant lured the victim into a dangerous situation by inviting him over despite barely knowing him. During the attack, he taunted the victim at knifepoint while Reynard stabbed the victim and Kamarion stole the victim's wallet, keys, and cell phone. After his arrest, defendant repeatedly lied to law enforcement about his involvement. Although defendant did not have a criminal history at the time of the offense, the trial court was aware of that fact before sentencing and the sentencing guidelines already accounted for it. Defendant fails to appreciate that the trial court could have sentenced defendant to a longer, within-guidelines sentence, but declined to do so. Accordingly, defendant has not shown that his sentence was disproportionate.

Defendant argues that his sentence was disproportionate because Kamarion received a shorter sentence despite, in defendant's view, that Kamarion was more culpable. The record does not support defendant's claim. First, Kamarion's role was primarily to take the victim's personal property after Reynard stabbed him. Defendant, by contrast, actively assisted the robbery by using

---

[1] Defendant also contends, without further explanation, that trial counsel "was ineffective in failing to object [to the testimony], denying [defendant] his due process right to a fair trial." By failing to brief the merits of his challenge, defendant has abandoned this argument. See *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims[.]") (Quotation marks and citation omitted).

a knife to threaten and taunt the victim. We, therefore, reject defendant's contention that Kamarion was more culpable.

Kamarion's sentence also reflects that he received a benefit for having plead *nolo contendere* before trial. Defendant acknowledges that he "declined the same offer" extended to Kamarion, electing instead to proceed to a jury trial. A defendant who rejects a plea offer and chooses to proceed to trial assumes the risk of receiving a more severe sentence following a conviction at trial. See, e.g., *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011) (explaining that "it is not per se unconstitutional for a defendant to receive a higher sentence following a jury trial than he would have received had he pleaded guilty."). Because defendant knowingly accepted the risk, he cannot now rely on the sentencing disparity to argue that his sentence was unreasonable. Accordingly, defendant has failed to prove that his sentence constitutes an abuse of discretion.

## IV. INEFFECTIVE ASSISTANCE

Finally, in his Standard 4 brief, defendant argues that his trial counsel was ineffective for not ensuring that he was present at his probable cause conference. We disagree.

## A. STANDARDS OF REVIEW

Generally, "whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). But because defendant did not move for a new trial or a *Ginther*[2] hearing, his argument is unpreserved and appellate review of his argument is limited to mistakes apparent from the record. *People v Putman*, 309 Mich App 240, 247; 870 NW2d 593 (2015).

## B. ANALYSIS

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *Trakhtenberg*, 493 Mich at 51. To succeed on a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id*.

MCL 766.4(2) provides that a probable cause conference shall include the following:

(a) Discussions as to a possible plea agreement among the prosecuting attorney, the defendant, and the attorney for the defendant.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

(b) Discussions regarding bail and the opportunity for the defendant to petition the magistrate for a bond modification.

(c) Discussions regarding stipulations and procedural aspects of the case.

(d) Discussions regarding any other matters relevant to the case as agreed upon by both parties. [MCL 766.4(1)(a)-(d); see also MCR 6.108.]

Additionally, "[t]he probable cause conference may be waived by agreement between the prosecuting attorney and the attorney for the defendant." MCL 766.4(2).

Even accepting defendant's contention that his trial counsel's "failure to require [defendant's] presence in the court room for his probable cause conference . . . amounted to a 'significant dereliction of duty,' " defendant has failed to establish that there is a reasonable probability that the outcome at trial would have been different. Instead, defendant argues only that, had he attended the probable cause conference, the trial court and his attorney "would have been able to speak directly to him about his rights and what he would be voluntarily waiving if he chose not to have his [probable cause conference]." But defendant does not explain how his attendance would have affected the outcome at trial. What is clear is that defendant was offered a plea agreement, which he rejected before trial began, and does not contend that he was deprived of any legally recognized right or protection because he was not present at the conference. Thus, because defendant has failed to demonstrate prejudice, his ineffective-assistance claim fails.

Affirmed.


/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron